IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AGFA CORPORATION, formerly d/b/a AGFA FINANCE GROUP,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>DIAGNOSTIC IMAGING CENTER PBL, PSC a/k/a RAD ONE, PSC, et al.,<br><br>　　　　Defendants | CIVIL NO. 09-1666 (JP) |

**OPINION AND ORDER**

　　　The Court has before it Plaintiff AGFA Corporation's ("AGFA") ex-parte motion for a writ of attachment (No. 3).  Plaintiff filed the instant complaint alleging breach of contract for the lease of certain medical equipment.  Plaintiff alleges it entered into a contract to lease equipment to Defendants in exchange for monthly payments in the amount of $19,765.36.  Plaintiff alleges that Defendants have failed to make the agreed payments, and currently owe $1,166,156.20, plus interest and late charges.  Plaintiff moves the Court for an ex-parte attachment order in the amount of $1,166,156.20 plus interest and late fees.  For the reasons stated herein, Plaintiff's motion (**No. 3**) is **GRANTED**.

　　　A federal district court has the authority to issue orders "providing for seizure . . . of property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action."

CIVIL NO. 09-1666 (JP)        -2-

Fed. R. Civ. P. 64. Rule 64 provides that, subject to exceptions not relevant here, such provisional remedies are available under the circumstances and in the manner provided by the law of the state in which the district court sits. Id. Rule 56 of the Puerto Rico Rules of Civil Procedure provides that upon a motion by the claimant a court "may issue any provisional order it may deem necessary to secure satisfaction of the judgment." P.R. Laws Ann. tit. 32, App. III R. 56.1 (1979). The Supreme Court of Puerto Rico has construed Rule 56 expansively, stating "Rule 56 of the Rules of Civil Procedure confers on the court sufficient flexibility to issue the measures which it deems necessary or convenient, according to the circumstances of the case, to secure the effectiveness of judgments." HMG Prop. Investors, Inc. v. Parque Indus. Río Cañas, Inc., 847 F.2d 908, 913-14 (1st Cir. 1988) (quoting F.D. Rich Co. v. Super. Ct., P.R.R. 155, 173 (1970)).

An attachment order may not be entered without notice to the adverse party and a pre-attachment hearing, unless the claimant demonstrates (1) a previous proprietary interest in the object to be attached, (2) the existence of extraordinary circumstances, or (3) the probability of prevailing on the merits through the use of authentic documentary evidence which shows there is a debt liquid, due, and payable. See P.R. Laws Ann. tit. 32, App. III R. 56.2 (1979); see Rivera-Rodríguez v. Stowell, 133 D.P.R. 881, 896 (1993).

CIVIL NO. 09-1666 (JP)           -3-

In support of its argument for a writ of attachment to secure satisfaction of a judgment, Plaintiff has submitted a sworn statement by Anthony Passarello ("Passarello"), regional sales manager for AGFA. Said sworn statement explains that Passarello has personal knowledge of the communications between AGFA and Defendants. Passarello states that he has reviewed the allegations of the complaint, and confirms that Defendants owe Plaintiff an outstanding amount of $1,166,156.20 excluding interest and late fees. Plaintiff also submits the master lease agreement entered into by the parties, which states that Defendants agree to make sixty consecutive payments of $19,765.36 per month.

Based on this information, and that which is contained within the complaint, the Court finds that Plaintiff has demonstrated a probability of prevailing on the merits through the use of authentic documentary evidence which shows there is a debt liquid. Thus, Plaintiff has met the standards set by <u>Rivera-Rodríguez</u> for the granting of pre-judgment attachment. Moreover, Plaintiffs have expressed their ability and willingness to post a bond (No. 3). Thus, Plaintiffs' motion for a provisional remedy is granted, and the Court hereby:

**ORDERS** that the Clerk of the Court issue a Writ of Attachment on all of Defendants' assets including accounts receivable, cash, and the equipment leased by AGFA, in the amount of $1,166,156.20 plus interest and late fees since the amounts became due;

CIVIL NO. 09-1666 (JP)           -4-

**ORDERS** that, Mr. Aguedo de la Torre, DK15 Lago Yahuecas Street, Levittown, Toa Baja, Puerto Rico 00950, telephone number (939) 639-0638, in lieu of the United States Marshal, shall attach, garnish, and seize Defendants assets in the amounts described above; and

**ORDERS** that Plaintiff post a bond with the Clerk of the Court in the amount of $60,000.00 **on or before October 26, 2009.** Plaintiff's failure to timely post the bond will result in the vacating of this Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of October, 2009.

$\qquad\qquad\qquad\qquad\qquad\qquad$ s/Jaime Pieras, Jr.
$\qquad\qquad\qquad\qquad\qquad\qquad$ JAIME PIERAS, JR.
$\qquad\qquad\qquad\qquad\qquad$ U.S. SENIOR DISTRICT JUDGE