IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AGFA CORPORATION, formerly d/b/a AGFA FINANCE GROUP,<br><br>    Plaintiff<br><br>        v.<br><br>DIAGNOSTIC IMAGING CENTER PBL PSC a/k/a RAD ONE, PSC, et al.,<br><br>    Defendants | CIVIL NO.  09-1666 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiff AGFA Corporation, formerly d/b/a AGFA Finance Group's ("AGFA") motion for default judgment (**No. 36**). Also before the Court are Defendants Diagnostic Imaging Center, PBL P.S.C. a/k/a Rad One P.S.C. ("Diagnostic Imaging"), and Francisco Gómez-Goytía's ("Gómez") motion for relief of order (**No. 37**), and Plaintiff's opposition thereto (No. 38). For the reasons stated herein, Plaintiff's motion for default judgment is hereby **GRANTED,** and Defendants' motion for relief of order is hereby **DENIED.**

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

   **A.   Factual Allegations**

   Plaintiff AGFA filed the instant action for breach of contract and unjust enrichment, alleging that Defendants had failed to pay $1,166,156.20 plus taxes, late charges, and interest, owed under a

CIVIL NO. 09-1666 (JP)        -2-

lease agreement between AGFA and Defendant Diagnostic Imaging. Plaintiff AGFA's complaint (No. 1) alleges that in 2007 Diagnostic Imaging agreed to lease certain medical equipment from AGFA. Pursuant to the lease agreement, Diagnostic Imaging was to make sixty consecutive monthly payments of $19,765.36. In addition to the lease between the two companies, Defendant Gómez also signed a personal guarantee of Diagnostic Imaging's obligations under the lease. Plaintiff alleges that although the equipment was shipped as planned, Defendants have failed to make the required payments.

### B.   Procedural History

Plaintiffs filed proof of service of summons upon Defendants (No. 7) on August 12, 2009. Said summons had been served on August 7, 2009, and therefore an answer from Defendants was required on or before August 27, 2009. On August 27, 2009, Defendants filed a motion for extension of time to answer (No. 8). The Court granted said motion, and Ordered Defendants to answer on or before September 14, 2009 (No. 9). Defendants failed to answer by the new deadline, prompting a motion for entry of default from Plaintiff (No. 10). The Court denied the motion for entry of default, thereby providing Defendants a second opportunity to comply with the rules of the Court and litigate the action on the merits (No. 10).

On September 17, 2009, three days after the already extended deadline to answer, Defendants' attorney filed a motion to withdraw (No. 11). The Court held the motion to withdraw in abeyance in light

CIVIL NO. 09-1666 (JP)            -3-

of the fact that no new counsel had yet been announced (No. 12).  The Court also stated "Defendants are Admonished for Failing to Answer or Timely Request a Second Extension. Defendants SHALL file their answer to the complaint on or before September 28, 2009. No further extensions."  Defendants filed their answer on September 28, 2009 (No. 14).

On September 29, 2009, the Court issued an Initial Scheduling Conference Call Order (No. 15).  Said Order required the parties to appear for an Initial Scheduling Conference ("ISC"), and described in detail the parties' obligations prior to the conference.  In particular, the parties were ordered to submit their respective ISC Memoranda at least one week prior to the ISC.

Said Memoranda are an essential part of the Court's case management system.  The several important purposes served by the ISC Memoranda include: (1) apprising the Court and the parties of the respective factual allegations and legal theories of each party; (2) establishing lists of documentary evidence, fact witnesses, and expert witnesses to be used at trial; and (3) proposing uncontested facts that will allow the parties and the Court to appropriately limit the disputed issues in the case in order to design an efficient discovery process.

At the ISC, it is imperative that the Court and all parties have had the opportunity to review the respective ISC Memoranda so that the ISC itself is a productive use of time and so that the Court may

CIVIL NO. 09-1666 (JP)            -4-

order a fair and prompt discovery schedule and trial. Given the importance of the ISC and the ISC Memoranda, the Court specifically stated in its ISC Call Order that "[f]ailure to comply will result in stiff penalties, including but not limited to the entry of default, the dismissal of one or more claims or defenses, barring of witnesses or evidence, or monetary sanctions."

The ISC was scheduled for November 18, 2009. On November 11, 2009, Plaintiff AGFA filed its ISC Memorandum. However, Defendants did not file an ISC Memorandum by the deadline, or at any point prior to the ISC. At the ISC, the Court and the parties were unable to proceed with discussion of the case and scheduling of discovery because Defendants had not previously submitted their ISC Memorandum. Nor did Defendants offer a belated memorandum or simple list of witnesses and evidence so as to permit the scheduling of depositions and other discovery. Defendants further failed to inform the Court of the date that their initial disclosures were made (apparently because they had not been made at all), as required by the ISC Order. In light of Defendants' severe lack of preparation and repeated missing of deadlines, the Court informed the parties that it would sanction Defendants by entering default against them, and ordered Plaintiff to submit a written motion for default judgment.

## II.  **LEGAL STANDARD FOR A DEFAULT JUDGMENT SANCTION**

"The entry of a default judgment provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a

CIVIL NO. 09-1666 (JP)            -5-

constructive role in maintaining the orderly and efficient administration of justice." Remexcel Managerial Consultants v. Arlequín, 583 F.3d 45, 51 (1st Cir. 2009) (internal quotations omitted). "Nonetheless, it is a drastic sanction that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results." Id. (internal quotations omitted). "Since default judgments implicate sharply conflicting policies . . . the trial judge, who is usually the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, is entrusted with the task of balancing these competing considerations." Id. (internal citations omitted). The sanction of default judgment "should be employed only in an extreme situation." Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009).

### III. **ANALYSIS**

In the instant case, Defendants have repeatedly violated the Court's Orders and the Federal Rules of Civil Procedure. After obtaining a last-minute extension of time to answer the complaint, Defendants failed to answer the complaint by the extended deadline. In so doing Defendants violated both Federal Rule of Civil Procedure 12(a) and the Court's unambiguous Order (No. 9). Despite admonishment from the Court (No. 12), Defendants subsequently failed to provide their initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(C) and the Court's ISC Call Order (No. 15).

CIVIL NO. 09-1666 (JP)          -6-

In addition, Defendants failed to file their ISC Memorandum one week prior to the ISC, thereby violating the ISC Call Order (No. 15). At the ISC, Defendants still had not filed an ISC Memorandum.

The instant case presents the Court with the difficult task of balancing the strong interest in resolving cases on the merits with the strong interest in promoting efficiency and compliance with the Orders of the Court and the rules of procedure. Upon consideration of Defendants' repeated violations of the Courts Orders and the rules of procedure, the Court finds that the sanction of default judgment is appropriate.

The Court attempted to obtain Defendants' compliance by admonishing Defendants (No. 12) for failure to comply with deadlines, and by issuing strict warnings that "[f]ailure to comply will result in stiff penalties, including but not limited to the entry of default" (No. 15). Nevertheless, Defendants continued to delay the proceedings and disregard the Court's Orders. Under such circumstances, ongoing attempts to coerce compliance would be a poor use of the Court's time and resources, and would unfairly force Plaintiffs into an unnecessarily protracted and inefficient litigation process. Accordingly, the Court will grant Plaintiff's motion for default judgment.

CIVIL NO. 09-1666 (JP)          -7-

**IV.  CONCLUSION**

In conclusion, the Court **GRANTS** Plaintiff's motion for default judgment, and **DENIES** Defendants' motion for relief from order.  A separate Default Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of February, 2010.

                              s/Jaime Pieras, Jr.
                              JAIME PIERAS, JR.
                        U.S. SENIOR DISTRICT JUDGE